## BARDSLEY v DOVER (Village)

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11,607. Decided June 8, 1931

D. T. Miller and A. W. Heinrich, Cleveland, for Bardsley.

Gilbert Morgan, Cleveland, for Dover (Village).

MAUCK, PJ, and MIDDLETON, J, (4th Dist) and FARR, J, (7th Dist) sitting.

**MAUCK, PJ.**

Two errors are assigned. The first runs to the admission of testimony. We find no error in that respect. The contract of employment was in writing but the testimony adduced did not tend to dispute the terms of the employment. The parole testimony did tend to show that while the written resolution approved contains plans and specifications, there were no such plans and specifications. This was not testimony designed to contradict the plaintiff's contract and was perfectly competent.

The other question relates to the weight of the testimony. The trial court found and we think that it was not only justified in finding but had to find that the plans and specifications were not on file at the time they had to be in the clerk's office in order that a legal contract might be entered into. In **Kasch v City of Akron, 100 Oh St 229**, it was determined that plans, specifications, and so forth must be on file with the clerk at the time of the passage of the resolution declaring the necessity to improve and the failure to have them on file is fatal to any contract attempted to be let. Sometime but necessarily much later the so-called county specifications may have been filed but they were not filed at the time required.

Judgment affirmed.

MIDDLETON and FARR, JJ, concur.